IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CORY VERNE, individually, and on behalf of a Class of others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 6:17-cv-03051-MDH |
| QUEEN CITY ROOFING & CONTRACTING CO., a Missouri corporation, | |
| Defendant. | |

**PLAINTIFF'S UNOPPOSED MOTION TO APPROVE
FLSA SETTLEMENT AND SUGGESTIONS IN SUPPORT**

Plaintiff Cory Verne, by and through the undersigned counsel, moves for an order approving the settlement he has reached with Defendant Queen City Roofing & Contracting Company ("Queen City"). Verne and Queen City (collectively referred to as the "Parties") have entered into a settlement agreement (attached as Exhibit 1) in which the Parties have agreed to settle Verne's claim that he was not properly paid overtime in accordance with the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Law ("MMWL").[1] Defendant does not oppose Plaintiff's request for approval.[2]

---

[1] The Parties have not settled Verne's, nor the putative class's, prevailing wage claims. The release agreed to herein specifically preserves Mr. Verne's right to appeal the Court's summary judgment order dismissing the prevailing wage claims.

[2] Defendant does not oppose this motion for purposes of settlement approval. However, Plaintiff acknowledges that Defendant reserves all rights to oppose any legal or factual position taken in this motion at a later time should the Court not approve this settlement and/or with respect to Plaintiff's prevailing wage claim and/or in any other actions

When an employee files suit against his employer to recover unpaid overtime wages under the FLSA, the proposed settlement must be presented to the district court for review and a determination whether the settlement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. *See id.* at 1354. The Court may enter a stipulated judgment only after reviewing the settlement for fairness. *See Cooper v. Integrity Home Care, Inc.*, 2018 U.S. Dist. LEXIS 119748, *6 (W.D. Mo. July 18, 2018). The FLSA also requires that a settlement agreement include an award of reasonable attorney's fees. *See Lee v. The Timberland Co.,* No. C 07–2367–JF, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008).

1. **There is a Bona Fide Dispute.**

Queen City disputes that Verne is owed any amount for unpaid overtime because Queen City contends that it paid Verne at least all of the wages and overtime he was entitled to during his employment with Queen City. Verne contends that Queen City systematically failed to record all of his compensable time resulting in unpaid overtime during each week he worked for Queen City.

On December 12, 2018, the Court denied Queen City's motion for summary judgment on this claim and it was set for trial on May 13, 2019 until the Parties informed the Court of the instant settlement. *See* Docs. 125, 128. In short, the parties dispute whether there is liability – and, if so, the amount of damages that Plaintiff could recover – and have entered into a settlement agreement as a compromise to avoid the time, trouble, expense, and uncertainty of continued litigation.

**2. The Settlement is Fair and Equitable to All Parties Concerned.**

Plaintiff believes that the settlement of Plaintiff's FLSA claim is fair and equitable based on Plaintiff's total claimed damages and the attorney's fees and expenses incurred pursuing that claim. The parties have agreed to settle Plaintiff's FLSA claim for a total of $21,500. This includes the full amount of Plaintiff's alleged but disputed unpaid overtime claim, including 100% liquidated damages.

Plaintiff contends that his individual FLSA/MMWL claim had a maximum possible value of $1,405.50. Based on the Court's statute of limitations rulings at summary judgment, however, the maximum damages Mr. Verne contends he would have been able to claim at this trial would have been $303. By agreeing to settle the case for Verne's maximum theoretical value, Queen City will obtain a general release from Mr. Verne (other than as to the prevailing wage claims pled in the Complaint), avoids the risk of an adverse judgment, and, at the same time, avoids incurring additional expense associated with defending against Verne's claims. For his part, Verne avoids the same risks while receiving the maximum theoretical value for his FLSA claim.

**3. The Settlement Agreement Provides for Payment of Plaintiff's Reasonable Attorneys' Fees.**

The settlement of this matter includes Verne's reasonable attorney fees and expenses associated with his FLSA and MMWL claims in the amount of $20,094.50. Specifically, the settlement proposes to pay Plaintiff's counsel $10,000 for expenses and $10,094.50 for attorney fees.

Plaintiff contends that Plaintiff's counsel has spent hundreds of hours on this matter and typically bills at a rate of $475.00 per hour for work of this type in this district. Plaintiff further contends that the majority of the time spent was primarily directed toward the prevailing wage claims. But much of the time spent in the file advanced both the prevailing wage and overtime claims simultaneously. And significant time was spent in discovery and in substantive briefing on the FLSA/MMWL claims. Plaintiff contends that the proposed attorney fee in this settlement of $10,094.50 represents a significant compromise of the fees that Plaintiff's counsel could have claimed if Verne had taken his remaining claims to trial and receive a successful result.

Finally, Plaintiff contends that Plaintiff's counsel also incurred $18,695.23 in costs and expenses pursuing Plaintiff's claims. Most of these expenses were related to the extensive deposition practice undertaken by both Parties. Most of the depositions dealt with issues related to both the prevailing wage and unpaid overtime claims. The Parties have agreed that Queen City will pay $10,000 which Plaintiff contends is approximately 53% of the expenses as part of this settlement.

As part of the settlement, the Parties leave open the possibility of future litigation over the prevailing wage claims. The Parties have agreed Queen City will receive a dollar-for-dollar credit for the attorney fees and expenses paid for herein, which would be applied by the court after any award of expenses and fees on the preserved prevailing wage claims.

**4. Settlement of this case on individual basis is fair to all parties.**

This case was originally pled as a putative collective and class action for both Mr. Verne's prevailing wage and unpaid overtime claims. As counsel indicated at the hearing on summary judgment and class certification for the prevailing wage claim,

discovery revealed that certification of the unpaid overtime claims was highly unlikely. As such, Plaintiff did not seek such certification. As a result, no putative class members were ever notified of this case and no one will be prejudiced by its resolution on an individual basis. Further, neither Plaintiff nor his counsel will realize any sort of windfall from the settlement proposed herein.

For these reasons, Plaintiff respectfully requests that his Unopposed Motion to Approve FLSA Settlement be GRANTED.

Respectfully submitted,

LEAR WERTS LLP

/s/ Todd C. Werts
Bradford B. Lear, No. 53204
Todd C. Werts, No. 53288
2003 West Broadway, Suite 107
Columbia, Missouri 65203
Tel:    573-875-1991
Fax:    573-875-1985
lear@learwerts.com
werts@learwerts.com

CURRAN LAW FIRM, LLC
Robert D. Curran, No. 53440
3516 S. National Avenue
Springfield, MO 65807
Tel:    417-823-7500
Fax:    417-823-7510
rob@curranlawfirm.com

ATTORNEYS FOR PLAINTIFF

### Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was filed with the Court's CM/ECF system on this 22nd day of March, 2019. That system will serve copies on all those entitled to service.

/s/ Todd C. Werts